IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT M. KURTZ,                   No. C 11-00126 CW (PR)

      Petitioner,

   v.                              ORDER DENYING PETITION FOR A
                                    WRIT OF HABEAS CORPUS; DENYING
R. GROUNDS, Warden, et al.,     CERTIFICATE OF APPEALABILITY

      Respondents.
_____/

    Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging as a violation of his constitutional rights the 2009 decision to deny him parole by the California Board of Parole Hearings (Board).  Petitioner specifically claims that the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public.  He also claims that conducting his parole hearing under Proposition 9 (Marsy's Law) was a violation of the ex post facto clause of federal constitution.  Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," modified the availability and frequency of parole hearings.  Specifically, Marsy's Law provides that the Board will hear each case every fifteen years unless it opts to schedule the next hearing in three, five, seven or ten years.  Cal. Penal Code § 3041.5(b)(3) (2010).

    In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied.  Swarthout v. Cooke, No. 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  The attachments to the petition show Petitioner received at least this

1  amount of process.  The Constitution does not require more.  <u>Id.</u> at
2  5.

3  Whether the Board's decision was supported by some evidence of
4  current dangerousness is irrelevant on a petition for a writ of
5  habeas corpus in federal court.  The Supreme Court has made clear
6  that "it is no federal concern . . . whether California's 'some
7  evidence' rule of judicial review (a procedure beyond what the
8  Constitution demands) was correctly applied."  <u>Id.</u> at 6.

9  Petitioner's ex post facto claim also fails.  The Ninth
10 Circuit has recently held that Marsy's Law does not violate the ex
11 post facto clause.  <u>See</u> <u>Gillman v. Schwarzenegger</u>, No. 10-15471,
12 slip op. 1339, 1357 (9th Cir., Jan. 24, 2011).  Accordingly, the
13 Court finds that Petitioner's allegations do not state a cognizable
14 claim for an ex post facto violation.

15 For the foregoing reasons, the petition for a writ of habeas
16 corpus is DENIED.  And pursuant to Rule 11 of the Rules Governing
17 Section 2254 Cases, a certificate of appealability under 28 U.S.C.
18 § 2253(c) is DENIED because it cannot be said that "reasonable
19 jurists would find the district court's assessment of the
20 constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529
21 U.S. 473, 484 (2000).  Petitioner may seek a certificate of
22 appealability from the Ninth Circuit Court of Appeals.

23 The Clerk of the Court shall enter judgment in favor of
24 Respondent, terminate all pending motions, and close the file.

25 IT IS SO ORDERED.

26 Dated: 2/15/2011

/s/ Claudia Wilken
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

ROBERT M. KURTZ,

        Plaintiff,

  v.

R. GROUNDS et al,

        Defendant.

Case Number: CV11-00126 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert M. Kurtz H94447
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: February 15, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk